IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TOMMY H. MELTON,                )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-17-191-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
            Defendant.          )

**OPINION AND ORDER**

Plaintiff Tommy H. Melton (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a factory worker, machine operator, caretaker for disabled people, and drummer in a band. Claimant alleges an inability to work beginning January 10, 2014 due to limitations resulting from back pain, neuropathy associated with diabetes, hypertension, and depression.

## Procedural History

On August 4, 2014, Claimant protectively filed for protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 6, 2016, Administrative Law Judge ("ALJ") Lantz McClain conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On June 28, 2016, the ALJ entered an unfavorable decision. The Appeals Council denied review on April 21, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) making an improper RFC determination; and (2) failing to engage in a proper analysis at step four.

## RFC Determination

In his decision, the ALJ found Claimant suffered from the

4

severe impairments of obesity, diabetes mellitus with neuropathy, degenerative disc disease, and hypertension. (Tr. 19). The ALJ determined Claimant retained the RFC to perform less than a full range of light work. In so doing, the ALJ found Claimant could occasionally lift/carry 20 pounds frequently and ten pounds, stand or walk for at least six hours in an eight hour workday, and sit for at least six hours in an eight hour workday, "with no requirement for good balance." (Tr. 20-21).

After consultation with a vocational expert, the ALJ determined Claimant could perform her past relevant work as a percussion musician as actually and generally performed and a residential care aide, as Claimant described his duties. (Tr. 27). As a result, the ALJ concluded that Claimant was not under a disability from January 10, 2014 through the date of the decision. Id.

Claimant first contends the ALJ's RFC was erroneous. He contends that his diagnosed neuropathy from poorly controlled diabetes in his lower extremities prevents him from walking and standing for long periods of time, including the period designated by the ALJ in the RFC. Claimant cites to various medical records which do not support further restrictions upon his ability to walk or stand. For instance, the range of joint motion evaluation chart completed November 20, 2014 demonstrates no impairment of Claimant's range of motion of any joint. (Tr. 330-31). Claimant refers the

5

Court to the MRI of his right hip which is largely normal save for a finding of right obturator externus bursitis. (Tr. 424). He also includes a reference to a laboratory report dated January 20, 2014 which is entirely normal. (Tr. 430). The backsheet of the lumbosacral spine does indicate a weakness in heel/toe walking but is otherwise normal with no tenderness or muscle spasms. (Tr. 332). An MRI of Claimant's lumbar spine from March 5, 2016 does indicate multilevel degenerative disc disease
with disc bulges and mild to moderate neural foraminal narrowing. At L4-5, disc impingement of the descending nerve root was noted on the left with moderate right and mild left neural foraminal narrowings. (Tr. 398-99).

From this evidence, Claimant draws the unsupported conclusion that he cannot perform walking and standing as outlined in the RFC. In support of the ALJ's finding, Dr. Luther Woodcock and Dr. Nancy Armstrong, both consultative reviewers, concluded that Claimant was capable of light work in conformity with the ALJ's RFC. (Tr. 20-21, 60-62, 71-73). As for Claimant's neuropathy, the consultative professionals found Claimant had not been compliant with his medication. (Tr. 62). The ALJ relied upon these opinions to arrive at his RFC. (Tr. 27).

Claimant relies on the "he suffers from these conditions so he must be more restricted in his ability to work" without further

support from the record demonstrating further limitations. Such an argument is entirely speculative and without medical support. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's basis for determining Claimant's physical limitations, including his ability to walk and stand, was supported by substantial evidence.

Claimant also contends the ALJ failed to adequately address his mental impairments. Claimant attacks the ALJ's mental assessment on several fronts. He first contends his anxiety, depression, sleep disturbance, anger, and "other problems" should have been considered a severe impairment. The ALJ considered these conditions as non-severe, stating the record did not substantiate the severity of these conditions. (Tr. 19).

Where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628–629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291–292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515

8

F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The ALJ considered Claimant's mental problems and the treatment he received for the conditions. (Tr. 23-24). He also concluded that the extent of limitation claimed by Claimant from the mental impairments was not supported by the record or his own prior work background. (Tr. 20). Claimant has not directed this Court to any medical or evaluative evidence in the record which would suggest that this impairment was severe.

Claimant also suggests that the ALJ failed to adequately develop the record by failing to recontact Dr. Eric Broadway who

treated Claimant for his mental problems and obtain a functional evaluation from him.  Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability.  <u>Branam v. Barnhart</u>, 385 F.3d 1268, 1271 (10th Cir. 2004) citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 (1987).  A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised."  <u>Id</u>. quoting <u>Henrie v. United States Dep't of Health & Human Services</u>, 13 F.3d 359, 360-61 (10th Cir. 1993).  As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing."  <u>Id</u>. quoting <u>Carter v. Chater</u>, 73 F.3d 1019, 1022 (10th Cir. 1996).  This duty exists even when a claimant is represented by counsel.  <u>Baca v. Dept. of Health & Human Services</u>, 5 F.3d 476, 480 (10th Cir. 1993).  The court, however, is not required to act as a claimant's advocate.  <u>Henrie</u>, 13 F.3d at 361.

The record does not contain inadequate information for the ALJ to have determined the extent of Claimant's mental impairments or any functional limitations arising from the conditions.  Indeed,

consultant Dr. Cynthia Kampschaefer, a psychologist who reviewed the record, indicated that Claimant only had mild limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, or pace with no decompensation. (Tr. 70). A review of the treatment records largely demonstrated results within normal limits with treatment. Dr. Kampschaefer also noted Claimant was not receiving regular treatment but was still able to perform activities of daily living. She concluded the condition was not severe and Claimant was capable of performing both complex and simple, routine types of work. Id. The ALJ was not required to recontact Dr. Broadway to draw a conclusion as to the severity of Claimant's mental impairments or determine the effect of them upon his ability to engage in basic work activity.

Claimant also asserts the ALJ did not properly evaluate his credibility. The ALJ thoroughly examined Claimant's statements of limitation in light of the medical treatment record and found them "exaggerated" at least as to some of his symptoms and limitations. (Tr. 25). His conclusions were well-supported by the record. (Tr. 25-27).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of

Claimant's credibility.

**Step Four Analysis**

Claimant also challenges the ALJ's step four analysis of his ability to engage in this past relevant work. . In analyzing Claimant's ability to engage in his past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). This Court has discussed the ALJ's findings on Claimant's RFC and found them to be adequate.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 49-50). The expert testified the percussion musician position constituted light, skilled work and the residential care aide was light, skilled work as performed. Id. The ALJ fulfilled his duty in the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. The ALJ compared the RFC he determined with the

requirements of Claimant's past relevant work as a musician and aide and found that he could perform the work with his limitations. The ALJ also satisfied his required obligation in assessing this third phase. No error is found in the ALJ's step four determination.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 27th day of September, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE